IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ACE PROPERTY AND CASUALTY INSURANCE COMPANY, § § § | |
| Plaintiff § § | CASE NO.: _____ |
| § | |
| v. § § § | |
| PAR ELECTRICAL CONTRACTORS, INC. § and QUANTA SERVICES, INC., § § | |
| Defendants. § | |

PLAINTIFF'S ORIGINAL COMPLAINT FOR
DECLARATORY RELIEF

ACE Property and Casualty Insurance Company ("ACE") brings this action against Par Electrical Contractors, Inc. ("Par") and Quanta Services, Inc. ("Quanta") pursuant to 28 USC section 2201 and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. ACE is a corporation formed under the laws of the state of Pennsylvania and has its principal place of business in Pennsylvania.

2. ACE is informed and believes that Par is corporation formed under the laws of the state of Missouri and has its principal place of business in Missouri. ACE is further informed and believes that Par is a subsidiary of defendant Quanta.

3. ACE is informed and believes that Quanta is a corporation formed under the laws of the state of Delaware and has its principal place of business in Texas.

4. This Court has jurisdiction of this controversy under 28 USC section 1332 in that the dispute is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this district because a substantial part of the events giving rise to the parties' disputes occurred in this district; namely the negotiation and delivery of the contract at issue in this action.

**FACTS**

6. ACE issued excess Claims Made Commercial Umbrella Liability Policy number XOO G24898970 to Quanta for the period August 1, 2009 to August 1, 2010 ("the ACE policy"). Par is a subsidiary of Quanta and an insured under the ACE policy. The ACE policy has a $25,000,000 per occurrence policy limit. A true and correct copy of the ACE policy is attached hereto as Exhibit A and incorporated herein by reference.

7. In October 2007 three wildfires erupted in San Diego County, California ("the 2007 San Diego Wildfires"). The 2007 San Diego Wildfires are commonly referred to the Witch Fire, the Guejito Fire and the Rice Fire.

8. In November 2007 multiple plaintiffs sued San Diego Gas and Electric Company and its parent corporation, Sempra Energy (collectively "SDGE"), alleging that SDGE was liable for damage resulting from the 2007 San Diego Wildfires. The suits were consolidated. Presently, four separate suits related to the 2007 San Diego Wildfires against SDGE are pending in San Diego County, California Superior Court: (1) *In Re 2007 Wildfire Individual Litigation*, San Diego County Superior Court No. 2008-00093080; (2) *In Re 2007 Wildfire Insurer Litigation*, San Diego County Superior Court No. 2008-00093082; (3) *In Re 2007 Wildfire Governmental Entities Litigation*, San Diego County Superior Court No. 2008-00093084; and

(4) *In Re 2007 Wildfire Class Action Litigation*, San Diego County Superior Court No. 2008-00093086 (hereafter collectively referred to as the "Wildfire Suits").

9. On or about June 18, 2010, SDGE filed third-party complaints against Par in each of the Wildfire Suits ("the SDGE third-party complaints"). SDGE alleges that Par is liable, in whole or in part, for causing the Witch Fire and the resulting damage. True and correct copies of SDGE's third-party complaints, without their respective exhibits, are attached hereto as Exhibits B, C, D and E and incorporated herein by reference.

10. ACE is informed and believes that on or about November 19, 2007 SDGE placed Par on notice of the potential for a liability claim against it arising from the 2007 San Diego Wildfires, and the Witch Fire in particular. ACE is further informed and believes that Quanta and/or Par reported that notice to some or all of its liability insurers whose policies were in effect at the time. ACE is further informed and believes that on or about November 21, 2007 Quanta's and Par's insurance broker, acting on their behalf, requested that one of their excess liability insurer's (AEGIS) assign a claim professional to the matter and that AEGIS did so. ACE is further informed and believes that Par and/or Quanta, or their agent, also opened their own claim file for the Witch Fire at that time and that claim file remains open.

11. ACE is informed and believes that Par was named as a defendant in two separate suits known as *Mercury Casualty Company v. San Diego Gas & Electric, et al.*, San Diego County, California Superior Court No. 37-2008-00094617-CU-PO-CTL and *Travelers Property Casualty Insurance Company, et al. v. San Diego Gas & Electric, et al.*, San Diego County, California Superior Court No. 37-2008-00091249-CU-PO-CTL  and that Par was served with those two suits in or about November 2008 ("the Mercury and Travelers Wildfire Suits.") The Mercury and Travelers Wildfire Suits alleged that Par was liable, in whole or in part, for the

3

damage resulting from the 2007 San Diego Wildfires.  Quanta first informed ACE that Par had been named in the Mercury and Travelers Wildfire Suits on or about July 29, 2010.

12. Quanta applied for the ACE policy in or about July 2009.  As part of its application for the ACE policy, Quanta submitted to ACE a spreadsheet of closed and open claims.  The spreadsheet listed three claims described as "Witch Creek Fires" against Par bearing claim numbers GB 013933 GD01, GB 013933 GD02 and GB 013933 GD03.  Per that spreadsheet, $317,307 had been incurred on claim number GB 013933 GD01 and that claim was designated on the spreadsheet as an open claim.  At the time Quanta purchased the ACE policy for itself and for Par, Quanta and Par knew that damage from the Witch Fire had occurred and knew or should have known that Par could possibly be liable for that damage.

13. On or about July 29, 2010, Quanta, on behalf of Par, notified ACE and other insurers of the SDGE third-party complaints.

14. On or about October 21, 2010, ACE disclaimed any obligation to defend the SDGE third-party complaints or to indemnify Par for any liability it may have to SDGE may in those actions.

15. On or about January 4, 2011, Par informed ACE that it disputed whether ACE had any obligation to either defend the SDGE third-party complaints or to indemnify Par for any liability it may have to SDGE in those actions.

## CLAIM FOR RELIEF

16. By reason of the foregoing, an actual controversy presently exists between ACE and Quanta and Par within the meaning of 28 USC section 2201.  ACE contends that it has no obligation under the ACE policy to defend Par against the SDGE third-party complaints, to indemnify Par for any liability it may have in those actions or to indemnify Par for any other

liability it may have as a consequence of the 2007 San Diego Wildfires. ACE is informed and believes that Quanta and Par contend ACE is obligated under the ACE policy to defend and/or indemnify Par for the SDGE third-party complaints and other liabilities they may have as a consequence of the San Diego Wildfires.

17. Because of the presently existing actual controversy, ACE seeks a judicial determination of the parties' respective rights and obligations under the ACE policy with respect to the SDGE third-party complaints and the 2007 San Diego Wildfires.

## PRAYER FOR RELIEF

18. ACE requests the following relief:

   a. a judgment declaring that ACE has no obligation to defend Par or Quanta against the SDGE third-party complaints;

   b. a judgment declaring that ACE has no obligation to indemnify Par or Quanta for any liability either of them may have by reason of the SDGE third-party complaints;

   c. a judgment declaring that ACE has no obligation to indemnify Par or Quanta for any liability either of them may have by reason of the 2007 San Diego Wildfires;

   d. an award of its costs of suit;

   e. an award of attorneys' fees incurred in this action to extent allowable by law;

   f. for all such other relief to which it may be entitled at law or in equity.

Dated: April 15, 2011

Respectfully submitted,

*/s/ Thomas M. Jones*

_____

Thomas M. Jones
Attorney-In-Charge
Washington Bar No. 13141
Oklahoma Bar No. 4806
E-mail: TJones@cozen.com

OF COUNSEL:

John L. Williams
Washington Bar No. 39653
California Bar No. 129918
E-mail: JLWilliams@cozen.com
COZEN O'CONNOR
1201 Third Avenue
Suite 5200
Seattle, Washington  98101
Telephone: (206) 340-1000
Telecopier: (206) 621-8783

Ronald E. Tigner
Texas Bar No. 20028000
Fed. ID No. 3095
E-mail: rtigner@cozen.com
COZEN O'CONNOR
1221 McKinney Street
Suite 2900
Houston, Texas  77010
Telephone: (832) 214-3900
Telecopier: (832) 214-3905

**ATTORNEYS FOR PLAINTIFF
ACE PROPERTY AND CASUALTY
INSURANCE COMPANY**